IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUBRIN, et al., | Case No. 1:11-cv-01484 JLT (PC) |
| Plaintiffs, | ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |
| vs. | (Doc. 1) |
| BONILLA, et al., | |
| Defendants. | |
| _____/ | |

Plaintiffs are state prisoners who are represented by counsel.  Plaintiffs filed their complaint and initiated this civil rights action pursuant to 42 U.S.C. § 1983 on September 2, 2011.

## I.    SCREENING REQUIREMENT

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer.  28 U.S.C. § 1915A(a).  The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies in the pleading can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

The Civil Rights Act under which this action was filed provides a cause of action against any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United

1

States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States.]"  42 U.S.C. § 1983.  To prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989).  "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  In other words, there must be an actual causal connection between the actions of each defendant and the alleged deprivation.  See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Nevertheless, a plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action."  Twombly, 550 U.S. at 555-57.  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570).  Vague and conclusory allegations are insufficient to state a claim.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     THE COMPLAINT**

Plaintiffs are state prisoners confined in the Security Housing Unit ("SHU") at the California Correctional Institution ("CCI") and California State Prison, Corcoran ("Corcoran").  (Doc. 2 at ¶ 7.) Plaintiffs allege that they are being deprived of the minimum amount of out of cell exercise specified by California Code of Regulations, Title 15, Section 3343(h).  (Id. at ¶ 15.)  Plaintiffs indicate that in seven months, they have only been allowed to come out of their cells a total of 13 times for two and a half hours each time.  (Id. at ¶ 16.)  Plaintiffs indicate that their remaining time was spent confined in

1  a 6 x 8 foot cell.  (See id. at ¶ 26.)  Plaintiffs aver that the lack of out of cell exercise has had an adverse

2  impact on their physical health and mental well-being.  (Id. at ¶ 17.)

3        Plaintiffs sue Warden Michael Stainer, Correctional Sergeant Bounville, and Matthew Cate,

4  Secretary of the California Department of Corrections and Rehabilitation ("CDCR") in their individual

5  and official capacities.  (Id. at ¶¶ 8-10.)  Plaintiffs also identify ten "Doe" defendants to this action.  (Id.

6  at ¶ 11.)  Plaintiffs allege that Defendants were, and still are, responsible for conditions of confinement

7  at the prisons at issue.  (Id. at ¶¶ 8-10.)  Plaintiffs allege further that Defendants have knowingly and

8  intentionally deprived Plaintiffs of adequate out of cell exercise.  (Id. at ¶ 18.)

9        Based on the foregoing, Plaintiffs claim that Defendants have violated their rights under the

10  Eighth Amendment, as applied to the State of California by the Fourteenth Amendment.  (See id. at ¶¶

11  19-27.)  In terms of relief, Plaintiffs seek monetary damages and injunctive relief.

12  **III.  DISCUSSION**

13        **A.  Eighth Amendment**

14        The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners

15  from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006)

16  (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)).  Prison officials have a "duty to ensure that

17  prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal

18  safety."  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).

19        To establish a violation of this duty, a prisoner must satisfy both an objective and subjective

20  component.  See Wilson v. Seiter, 501 U.S. 294, 298 (1991).  First, a prisoner must demonstrate an

21  objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's

22  necessities."  Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S.

23  337, 346 (1981)).  In determining whether a deprivation is sufficiently serious within the meaning of the

24  Eighth Amendment, "the circumstances, nature, and duration" of the deprivation must be considered.

25  Johnson, 217 F.3d at 731.  "The more basic the need, the shorter the time it can be withheld."  Hoptowit

26  v. Ray, 682 F.2d 1237, 1259 (9th Cir. 1982).

27        Second, a prisoner must also demonstrate that prison officials acted with a sufficiently culpable

28  state of mind, that of "deliberate indifference."  Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733.  A

1  prison official acts with deliberate indifference if he knows of and disregards an excessive risk to the

2  prisoner's health and safety.  Farmer, 511 U.S. at 837.  In other words, the prison official "must both be

3  aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to

4  the inmate], and [the prison official] must also draw the inference."  Id.

5       Here, Plaintiffs have sufficiently pleaded an objectively serious deprivation within the meaning

6  of the Eighth Amendment.  According to Plaintiffs, they have only been allowed to leave their cells a

7  total of 13 times over a seven month span for two and a half hours on each occasion.  At all other times,

8  Plaintiffs allege that they were confined in isolation in a 6 x 8 foot cell.  These allegations are sufficient

9  at this stage of the litigation to demonstrate a deprivation of "the minimal civilized measures of life's

10  necessities."  Keenan, 83 F.3d at 1089.  See Pierce v. County of Orange, 526 F.3d 1190, 1211 (9th Cir.

11  2008) ("Exercise is one of the basic human necessities protected by the Eighth Amendment.") (citing

12  Lemaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993)).

13       Plaintiffs, however, have failed to plead facts sufficient to demonstrate that Defendants acted

14  with deliberate indifference.  Plaintiffs merely allege in the complaint that Defendants are "responsible

15  for the conditions of confinement" at the prisons.  This allegation is vague and falls short of showing

16  that Defendants actually knew of any alleged deficiencies in the prisons' exercise programs and chose

17  to disregard them.  Defendants very well may have been aware of the exercise deficiencies by way of

18  their employment duties, but Plaintiffs must provide sufficient factual material to establish that link.  In

19  the absence of such, Plaintiffs fail to state a cognizable claim under the Eighth Amendment.  See Iqbal,

20  129 S. Ct. at 1949; Rizzo, 423 U.S. at 370-71.

21  **B.    Leave to Amend**

22       The Court will provide Plaintiffs with the opportunity to file an amended complaint curing the

23  deficiencies identified by the Court in this order.  See Lopez, 203 F.3d at 1127 (leave to amend should

24  be granted unless the court can determine that the pleading could not possibly be cured by the allegation

25  of other facts).  If Plaintiffs elect to file an amended complaint, they are cautioned that they may not

26  change the nature of this suit by adding new, unrelated claims.  See George v. Smith, 507 F.3d 605, 607

27  (7th Cir. 2007) (no "buckshot" complaints).  In addition, Plaintiffs are advised that once they file an

28  amended complaint, the original pleadings are superceded and no longer serve any function in the case.

4

1   See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the amended complaint must be "complete

2   in itself without reference to the prior or superceded pleading."  Local Rule 220.

3   **IV.     OTHER MATTERS**

4          On September 6, 2011, the Clerk of the Court issued summons for all the defendants to file a

5   response to the complaint in this action.  This was done in error.  Defendants will not be required to file

6   a response until the Court has completed its screening of Plaintiff's pleadings and has authorized their

7   service.  See 28 U.S.C. § 1915A(a).  Thus, Defendants may disregard the summons issued in error on

8   September 6, 2011.

9   **V.     CONCLUSION**

10         Accordingly, it is **HEREBY ORDERED** that:

11     1.     Plaintiffs' complaint is **DISMISSED**;

12     2.     Plaintiffs are granted thirty (30) days from the date of service of this order to file an

13            amended complaint that complies with the requirements of the Federal Rules of Civil

14            Procedure and the Local Rules; the amended complaint must bear the docket number

15            assigned to this case and must be labeled "Amended Complaint";

16     3.     Plaintiffs are cautioned that failure to comply with this order will result in the dismissal

17            of this action; and

18     4.     The Clerk of the Court is directed to **VACATE** the summons issued for Defendants on

19            September 6, 2011.

20   IT IS SO ORDERED.

21   Dated:   **September 7, 2011**                                    **/s/ Jennifer L. Thurston**
22                                                                UNITED STATES MAGISTRATE JUDGE