IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUBRIN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>BONILLA, et al.,<br><br>　　　　Defendants. | Case No. 1:11-cv-01484 AWI JLT (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS<br><br>(Doc. 14) |

　　　　Plaintiffs are state prisoners who filed this litigation to challenge the conditions of their confinement: namely, the alleged failure to provide minimum out-of-cell exercise time. (Doc. 7 at 2) Plaintiffs filed their complaint and initiated this civil rights action pursuant to 42 U.S.C. § 1983 on September 2, 2011. (Doc. 1) The initial complaint was dismissed with leave to amend. (Doc. 6). Plaintiffs filed their First Amended Complaint ("FAC") on October 7, 2011. (Doc. 7) Defendants' Motion to Dismiss Plaintiffs' FAC as to Defendants Cate and Stainer is presently before this Court. (Doc. 14).

　　　　Defendants assert that Plaintiffs' claims against Cate and Stainer must fail, as such claims are only based upon the Defendants' supervisory status, and the doctrine of respondeat superior is not sufficient to state a claim under 42 U.S.C. § 1983. (Doc. 14-1). Defendants also contend that Count Two of the FAC does not state facts sufficient to state a claim for relief under 42 U.S.C. § 1983 and that California statutory law cannot establish a basis for liability under 42 U.S.C. § 1983. Id. Plaintiffs

1

assert that they do not rely on California statutory law to establish a violation of 42 U.S.C. § 1983, nor do they allege a substantive due process . (Doc. 16 at 2-3).  Plaintiffs' contend the allegations set forth in their FAC are sufficient.  (Doc. 15).

For the reasons set forth below, the motion is recommended to be **GRANTED IN PART** and **DENIED IN PART**.

I.   BACKGROUND

Plaintiffs are state prisoners confined in the Security Housing Unit ("SHU") at the California Correctional Institution ("CCI") in Tehachapi.  (Doc. 7 at ¶ 1.)  Plaintiffs allege that they are being deprived of the minimum amount of out-of-cell exercise.  (Id. at ¶ 2.)  Plaintiffs indicate that in the four months preceding the filing of the FAC, they have received a total of 12 hours of exercise time.  (Id. at ¶ 6.)  Plaintiffs indicate that their remaining time was spent confined in a 6 x 8 foot cell.  (See id. at ¶ 6.)  Plaintiffs aver that the lack of out of cell exercise has had an adverse impact on their physical health and mental well-being.  (Id. at ¶ 17.)

Plaintiffs sue Warden Michael Stainer, Correctional Sergeant Bounville, and Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation ("CDCR") in their individual and official capacities; however, Defendants' Motion to Dismiss only relates to Defendants Cate and Stainer. (Id..at 7; Doc. 14 at 4-7). Plaintiffs' FAC alleges that Defendant Stainer had direct contact with Defendant Bounville,[1] and discussions with Associate Warden Steadman and Chief Deputy Warden Holland regarding CCI's non-compliance with statutory exercise time for SHU inmates. (Doc. 7 ¶ 21). Plaintiffs allege that through these discussions , Defendant Stainer was aware of CCI's non-compliance with statutory exercise times for SHU inmates and approved of CCI's de facto policy of non-compliance with these exercise requirements. (Doc. 7 at ¶ 22).  Plaintiffs further allege that Defendant Cate adopted a written decision issued in his name in April 2011 in which he admitted knowing of CCI's non-compliance with the statutory exercise requirements and failed to intervene.  (Doc. 7 at ¶ 23).

II.   <u>LEGAL STANDARDS - FEDERAL RULES OF CIVIL PROCEDURE RULE 12(B)(6)</u>

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. See Fed.

---

[1] Plaintiffs allege Defendant Bounville had and has direct responsibility for approving yard time for SHU inmates at CCI and knew SHU inmates were not receiving the exercise time required by statute due to lack of staff.

R. Civ. P. 12(b)(6); *see also* Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing the motion, the Court will assume the truth of all factual allegations and will construe them in the light most favorable to the nonmoving party. *See* Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002). However, the court is not bound to accept as true a legal conclusion couched as a factual allegation. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). However, the conclusions contained in the pleading "are not entitled to the assumption of truth." Id.

## III. DISCUSSION

### A. Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component. *See* Wilson v. Seiter, 501 U.S. 294, 298 (1991). Defendants' Motion does not dispute that the FAC's allegations are sufficient to demonstrate that Plaintiffs' lack of exercise time constitutes an objectively serious deprivation within the meaning of the Eighth Amendment. Thus, the issue before this Court is whether Plaintiffs have pled facts against Defendants Cate and Stainer to sufficiently satisfy the subjective component of an Eighth Amendment violation for Cruel and Unusual Punishment.

In order to meet the subjective component, a prisoner must demonstrate that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson v. Lewis, 217 F.3d 726, 733 (9th Cir. Ariz. 2000). A prison official acts with deliberate indifference if he knows of and disregards an excessive risk to the prisoner's health and safety. Farmer, 511 U.S. at 837. In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the inmate], and [the prison official] must also draw the inference." Id. An individual may be liable for deprivation of constitutional

rights, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation at issue. Tandel v. County of Sacramento, 2012 U.S. Dist. LEXIS 23959, *20 (E.D. Cal. Feb. 22, 2012) (citing Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007)).

### 1. Defendant Cate - Involvement in Inmate Grievances Procedure

Plaintiffs base their constitutional claims against Defendant Cate on his failure to intervene after he "adopted" the Director Level Appeal Decision. (Doc. 7 at §23).

Although a prison official who had time to observe what was happening can "violate a prisoner's Eighth Amendment rights by failing to intervene in the violation imposed by someone else," this analysis does not seem to extend to an official who merely reviews an administrative grievance. Jacobs v. Woodford, 2011 U.S. Dist. LEXIS 44742 (E.D. Cal. Apr. 25, 2011) (citing Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995); Lanier v. City of Fresno, 2010 U.S. Dist. LEXIS 130459 * at 17 (E.D. Cal. Dec. 8, 2010). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." A prisoner's right to petition the government is a right of expression and "does not guarantee a response to the petition or the right to compel government officials to act on" the petition. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999).  "Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a 'mere failure to act.'" Stocker v. Warden, 2009 U.S. Dist. LEXIS 31207, 29-30 (E.D. Cal. Apr. 13, 2009) (quoting Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). Where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. Perkins v. Cal. Dep't of Corr. & Rehab., 2010 U.S. Dist. LEXIS 104413 (E.D. Cal. Sept. 30, 2010) (citing Shehee, 199 F.3d at 300); *see also* Stocker, 2009 U.S. Dist. LEXIS 31207, 29-30.

Since the only facts to connect Defendant Cate to the unconstitutional deprivations alleged in the FAC are Plaintiffs' allegations that Cate "adopted a written decision issued in his name on April 25, 2011," Plaintiffs have failed to state a claim against Defendant Cate.

### 2. Defendant Stainer - Supervisor Liability

Defendants likewise contend that the allegations against Defendant Stainer are not sufficient to

1 establish a causal link between Stainer's conduct as an individual or a supervisor and the constitutional
2 deprivations alleged by Plaintiffs. (Doc. 14-1 at 7.) Unlike the allegations against Cate, Plaintiffs do
3 not allege that Stainer failed to intervene. Id. Plaintiffs seem to base their claims against Stainer on his
4 knowledge that inmates were being denied exercise time (through contact with Bounville) and Stainer's
5 alleged approval of a de-facto policy of non-compliance. (Doc. 7 at ¶ 23).

A defendant may be held liable as a supervisor under § 1983 if there exists "either (1) his or her personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Tandel, 2012 U.S. Dist. LEXIS 23959, at *21 (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. Cal. 2011). In order to establish a causal connection, a plaintiff may show that the supervisor set in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. Id. (citing Dubner v. City & County of S.F., 266 F.3d 959, 968 (9th Cir. 2001); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991)). However, a sufficient causal connection may be shown "by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights." Shallowhorn v. Gonzalez, 2011 U.S. Dist. LEXIS 93414 (E.D. Cal. Aug. 22, 2011) (citing Wesley v. Davis, 333 F.Supp.2d 888, 892.)

Given Plaintiffs' allegations that Stainer approved of a policy to deprive the SHU inmates of exercise, Plaintiffs have alleged sufficient facts to state a claim against Defendant Stainer.

**B.    Counts One and Two - Violation of the Eighth Amendment and Violation of 42 U.S.C. § 1983**

Title 42 section 1983 of the United States Code does not provide for substantive rights; it is "a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994). In pertinent part, Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

42 U.S.C. § 1983.

To plead a § 1983 violation, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person who committed the alleged violation acted under color of state law. West v. Atkins, 487 U.S. 42, 28 (1988); Williams v. Gorton, 529 F.2d 668, 670 (9th Cir. 1976). In addition, a plaintiff must allege he suffered a specific injury, and show causal relationship between the defendant's conduct and the injury suffered by the plaintiff. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made"). As with other complaints, conclusory allegations unsupported by facts are insufficient to state a civil rights claim under § 1983. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

Here, Plaintiffs have alleged a claim under 42 U.S.C. § 1983 in Count Two of their First Amended Complaint. (Doc. 7 at 10). It appears that Plaintiffs premise their § 1983 claim on the alleged violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Id. However, Count One of the FAC also alleges Cruel and Unusual Punishment in Violation of the Eighth Amendment.[2] (Doc. at 7-9). Notably, a plaintiff may not raise an Eighth Amendment claim directly under the United States Constitution. Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States Constitution); Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

Given that Plaintiffs base their claim for violation of 42 U.S.C. § 1983 on the Eighth Amendment, Count One and Count Two essentially are the same cause of action and should not be pled separately. Thus, the Court GRANTS the motion to dismiss the First Case of Action.

**C.    Substantive Due Process**

While the parties raise several arguments about substantive due process in this motion, it does

---

[2] Although Count 1 of the fact does seem to premise liability on a California statutory violation, Plaintiffs contend that is not their intention. (Doc. at 7-9; Doc. 15 at 2-3).

6

not appear from the FAC that Plaintiffs have alleged a substantive due process cause of action under the 14th Amendment separate and apart from his Eighth Amendment claim for cruel and unusual punishment. (Doc. 7). To the extent Plaintiff's FAC attempts to do so, it fails to state sufficient facts to support such a cause of action. Furthermore, any such allegations must be analyzed under the Eighth Amendment, as that is the standard appropriate to the Plaintiff's constitutional claim for denial of exercise privileges. "If a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process" of the Fourteenth Amendment. Coreno v. Armstrong, 2011 U.S. Dist. LEXIS 118313, 46-47 (S.D. Cal. July 29, 2011) (citing County of Sacramento v. Lewis, 523 U.S. 833, 843, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998) and quoting United States v. Lanier, 520 U.S. 259, 272 n.7, 117 S. Ct. 1219, 137 L. Ed. 2d 432 (1997)).

### D. Eleventh Amendment Immunity

The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). It bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Department of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College District, 861 F.2d 198, 201 (9th Cir. 1989). The immunity applies whether the relief sought is money damages or injunctive relief. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state."). It applies also in actions brought against an officer of the state in his official capacity. Id.

Here, Plaintiff names Defendants Stainer and Cate in their official capacities. (Doc. 7 at 4-5) Thus, the action in this regard cannot stand and is barred by the Eleventh Amendment. Thus, on its own motion, the Court **DISMISSES** the claims against these Defendants in their official capacities.

///

**E.      Leave to Amend**

Dismissal of a claim under this rule is appropriate only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1061 (9th Cir. 2004) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Though the Court has grave doubts that Plaintiffs can amend the complaint as to Defendant Cate, the Court will grant one last opportunity to amend.

Plaintiffs are advised that in their Second Amended Complaint, they may not change the nature of this suit by adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

## IV.    CONCLUSION

In accordance with the above, it is **HEREBY ORDERED** that:

1. The motion to dismiss as to Defendant Cate is **GRANTED**;
2. The motion to dismiss as to Defendant Stainer is **DENIED**;
3. The first cause of action is **DISMISSED**;
4. The complaint as Defendants Cate and Stainer in their official capacities is **DISMISSED**.
5. Plaintiffs are granted 14 days leave to amend.

IT IS SO ORDERED.

Dated:   **March 6, 2012**                                      /s/ Jennifer L. Thurston
                                                                UNITED STATES MAGISTRATE JUDGE