UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUBRIN, et al.,<br><br>　　　Plaintiffs,<br><br>　　　vs.<br><br>BONILLA, et al.,<br><br>　　　Defendants. | Case No.: 1:11-cv-01484 AWI JLT (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART AND DENYING IN PART<br><br>(Doc. 20) |

　　　Plaintiffs are state prisoners who are represented by counsel. Plaintiffs initiated this civil rights action against Defendants Cate, Stainer, and Bonilla pursuant to 42 U.S.C. § 1983 on September 2, 2011. (Doc. 2). Presently before this Court is Defendants motion to dismiss Plaintiffs' Second Amended Complaint ("SAC"), pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. (Doc. 20).

　　　Defendants assert that Plaintiffs' claims against each of the Defendants must fail, as the SAC makes only conclusory allegations which are unsupported by sufficient facts. Plaintiffs' contend the allegations set forth in their SAC are sufficient at the pleading stage.

　　　For the reasons set forth below, Defendants motion to dismiss is **GRANTED** as to Defendant Cate and **DENIED** as to Defendants Stainer and Bounville.

/////

/////

## I. BACKGROUND

Plaintiffs are state prisoners confined in the Security Housing Unit ("SHU") at the California Correctional Institution ("CCI") in Tehachapi. (Doc. 19 at 2.) Plaintiffs allege that they are being deprived of the minimum amount of out of cell exercise. (Id. at ¶ 2.) Plaintiffs indicate that in the four months preceding the filing of the FAC, they have received a total of 12 hours of exercise time. (Id. at ¶ 6.) Plaintiffs indicate that their remaining time was spent confined in a 6 x 8 foot cell. (See id. at ¶ 6.) Plaintiffs aver that the lack of out of cell exercise has had an adverse impact on their physical health and mental well-being. (Id. at ¶ 17.)

Plaintiffs' SAC names Correctional Sergeant Bounville, CCI Warden Michael Stainer, and Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation ("CDCR") in their individual capacities. (Id. at 4-5). Plaintiffs' SAC alleges that Defendant Bounville is directly responsible for approving yard time for the CCI SHU inmates, that he was aware, through direct complaints from Plaintiffs, that CCI had not been providing the required out-of-cell exercise time, that he failed to assign staff to provide such exercise time to Plaintiffs, and that he was aware of the harm that lack of exercise time inflicted upon Plaintiffs. (Id. at ¶28). Plaintiffs' SAC asserts that Defendant Stainer has direct responsibility over the conditions of SHU confinement. (Id. at ¶29). Plaintiffs allege Stainer was aware of CCI's non-compliance with statutory exercise time for SHU inmates through direct conversations with subordinate employees, has approved of CCI's de facto policy of non-compliance, and has implemented a policy of counting time walking to the shower as exercise time. (Doc. 19 ¶ 29). Finally, as to Defendant Cate, Plaintiffs' SAC alleges Cate has received thousands of inmate appeals from SHU inmates at CCI regarding the lack of exercise but has failed to investigate or verify such claims. (Doc. 19 at ¶23). Plaintiffs conclude that Cate's failure to act demonstrates that Cate has established a policy of non-compliance with exercise provisions and that his actions amount to a failure to train Defendant Stainer. (Id.)

## II. LEGAL STANDARDS

### A. Federal Rules Of Civil Procedure Rule 12(B)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. See Fed. R. Civ. P. 12(b)(6); *see also* Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). A

complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing the motion, the Court will assume the truth of all factual allegations and will construe them in the light most favorable to the nonmoving party. See Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002). However, the court is not bound to accept as true a legal conclusion couched as a factual allegation. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). However, the conclusions contained in the pleading "are not entitled to the assumption of truth." (Id.)

### B.  42 U.S.C. § 1983

To plead a § 1983 violation, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person who committed the alleged violation acted under color of state law. West v. Atkins, 487 U.S. 42, 28 (1988); Williams v. Gorton, 529 F.2d 668, 670 (9th Cir. 1976). In addition, a plaintiff must allege he suffered a specific injury, and show causal relationship between the defendant's conduct and the injury suffered by the plaintiff. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made"). As with other complaints, conclusory allegations unsupported by facts are insufficient to state a civil rights claim under § 1983. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

### III.  DISCUSSION

#### A.  Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component. See Wilson v. Seiter, 501 U.S. 294,

298 (1991). Defendants' motion is not directed to the objective component. The sole issue before this Court is whether Plaintiffs have pled facts against Defendants to sufficiently satisfy the subjective component of an Eighth Amendment violation for Cruel and Unusual Punishment.

In order to meet the subjective component, a prisoner must demonstrate that prison officials acted with the state of mind of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson v. Lewis, 217 F.3d 726, 733 (9th Cir. Ariz. 2000). A prison official acts with deliberate indifference if he knows of and disregards an excessive risk to the prisoner's health and safety. Farmer, 511 U.S. at 837. In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the inmate], and [the prison official] must also draw the inference." Id. An individual may be liable for deprivation of constitutional rights, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation at issue. Tandel v. County of Sacramento, 2012 U.S. Dist. LEXIS 23959, *20 (E.D. Cal. Feb. 22, 2012) (citing Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007)).

### 1. Defendant Cate

Defendants contend that Plaintiffs' SAC is not sufficient to state a claim against Cate because it bases the constitutional claims against him on his failure to intervene or train Stainer despite his knowledge of numerous inmate appeals. (Doc. 7 at ¶23).

Although a prison official who had time to observe what was happening can "violate a prisoner's Eighth Amendment rights by failing to intervene in the violation imposed by someone else," this analysis does not seem to extend to an official who merely reviews an administrative grievance. Jacobs v. Woodford, 2011 U.S. Dist. LEXIS 44742 (E.D. Cal. Apr. 25, 2011) (citing Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995); Lanier v. City of Fresno, 2010 U.S. Dist. LEXIS 130459 * at 17 (E.D. Cal. Dec. 8, 2010). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." A prisoner's right to petition the government is a right of expression and "does not guarantee a response to the petition or the right to compel government officials to act on" the petition. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999). "Liability under § 1983 must be based on active unconstitutional behavior and cannot be based

1  upon a 'mere failure to act.'" Stocker v. Warden, 2009 U.S. Dist. LEXIS 31207, 29-30 (E.D. Cal. Apr.
2  13, 2009) (quoting Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). Where a defendant's only
3  involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the
4  failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount
5  to active unconstitutional behavior for purposes of § 1983. Perkins v. Cal. Dep't of Corr. & Rehab.,
6  2010 U.S. Dist. LEXIS 104413 (E.D. Cal. Sept. 30, 2010) (citing Shehee, 199 F.3d at 300); *see also*
7  Stocker, 2009 U.S. Dist. LEXIS 31207, 29-30.

8  However, Plaintiffs may state a claim against a supervisor for deliberate indifference based
9  upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her
10 subordinates. Starr v. Baca (9th Cir. 2011) 652 F.3d 1202, 1206-1207 cert. denied, (U.S. 2012) 132
11 S.Ct. 2101 ("A showing that a supervisor acted, or failed to act, in a manner that was deliberately
12 indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement—and
13 the liability—of that supervisor. Thus, when a supervisor is found liable based on deliberate
14 indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held
15 vicariously liable for the culpable action or inaction of his or her subordinates.)  In reaching its
16 decision, the court outlined the numerous factual allegations from multiple sources in the complaint
17 which demonstrated what the defendant knew or should have known and what he did or didn't do. (Id.
18 at 1209).

19 The only facts to connect Defendant Cate to the unconstitutional deprivations alleged in the
20 SAC are Plaintiffs' allegations that Cate failed to investigate the grievances regarding lack of exercise
21 time and therefore "established a policy" denying exercise time for Plaintiffs.  When compared against
22 the factual detail provided in Starr, it is clear that Plaintiff's SAC is woefully lacking and does not
23 state sufficient facts to support a claim against Defendant Cate.   (See Hydrick v. Hunter (9th Cir.
24 2012) 669 F.3d 937, 941-942).

25                     2.     Defendant Stainer
26 Defendants assert that the factual allegations against Stainer are not sufficient to establish a
27 causal link between Stainer's conduct as a supervisor and the constitutional deprivations alleged by
28 Plaintiffs. (Doc. 20-1 at 9-10). However, Plaintiffs base their claims against Stainer on his knowledge

that inmates were being denied exercise time (through conversations with Bounville and other subordinates), his knowledge of the effects of the lack of exercise on Plaintiffs' health, and Stainer's alleged institution of a policy of which counted time walking to the shower as exercise time. (Doc. 19 at ¶¶19 and 29).

A defendant may be held liable as a supervisor under § 1983 if there exists "either (1) his or her personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  Tandel, 2012 U.S. Dist. LEXIS 23959,  at *21 (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. Cal. 2011).  In order to establish a causal connection, a plaintiff may show that the supervisor set in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. Id. (citing Dubner v. City & County of S.F., 266 F.3d 959, 968 (9th Cir. 2001); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991)).  Also, a "supervisor's acquiescence in the alleged constitutional deprivation, or conduct showing deliberate indifference toward the possibility that deficient performance of the task may violate the rights of others, may establish the requisite causal connection." Id. at 22 (citing Starr, 652 F.3d at 1208; Menotti v. City of Seattle, 409 F.3d 1113, 1149 (9th Cir. 2005)).  Additionally, a sufficient causal connection may be shown "by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights." Shallowhorn v. Gonzalez, 2011 U.S. Dist. LEXIS 93414 (E.D. Cal. Aug. 22, 2011) (citing Wesley v. Davis, 333 F.Supp.2d 888, 892.

Given Plaintiffs' allegations that Stainer knew exercise provisions were not being adhered to, that he instituted a policy to count time walking to the shower as exercise time, and knew of the harm suffered by Plaintiffs because of the lack of exercise, Plaintiffs have alleged sufficient facts to state a claim against Stainer.

### C.  Defendant Bounville

Defendants argue that the factual allegations against Bounville are conclusory and therefore are not entitled to the presumption of truth.  (Doc. 20-1 at 10-11).  The SAC alleges Bounville was contacted in April 2011 during the preparation of the Director's Level Appeal decision specifically

because he was directly responsible for approving yard time for SHU inmates. (Doc. 19 at ¶28). Plaintiffs' SAC alleges that as part of that appeal Bounville acknowledged SHU inmates were not receiving the required exercise time, but cited staff shortages as the reason. (Id.) Plaintiffs' SAC further alleges Bounville actually failed to properly assign staff so that SHU inmates could receive outdoor exercise time, as staff shortages predated Plaintiff's exercise deprivations. (Id.) Additionally, the SAC alleges Plaintiffs complained directly to Bounville and that Bounville was aware of the harmful consequences to Plaintiffs that resulted from the lack of exercise time. (Id.) While Plaintiff's allegations regarding Bounville's responsibility may not prove to be true, such allegations are factually sufficient to state a claim against Bounville at this stage.

### D. Leave to Amend

Dismissal of a claim under this rule is appropriate only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1061 (9th Cir. 2004) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). As noted above, Plaintiffs' SAC alleges that Cate's involvement in this case stems only from his participation in the administrative grievance procedure.[1] However, Plaintiffs do not specify the exact information Cate knew or should have known from the complaints, how many complaints he saw or how many different SHU facilities the complaints addressed or over what period of time the complaints were lodged. (See Starr, 652 F.3d at 1207) As a result, the Court is unable to determine whether Plaintiffs have the ability to allege a set of facts against Cate that would allow Plaintiffs to proceed against him. Therefore, Defendants' motion to dismiss Cate is **GRANTED WITH LEAVE TO AMEND.**[2]

### IV. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

---

[1] The Court notes that Plaintiffs' First Amended Complaint only cited to Cate's adoption of a single written decision in April 2011 as evidence of his knowledge of the non-compliance with statutory exercise times. (Doc. 7 at ¶23). Here, Plaintiffs cite to "thousands of inmate grievances" that Cate was presumably aware of. Given that this seems factually inconsistent, the Court reminds Plaintiffs of their obligations under Fed. R. Civ. P. 11(b).

[2] In its last order, the Court indicated that it would permit only one final opportunity to amend. However, because it appears that Plaintiffs may be able to state a claim, the Court will grant leave. However, given Plaintiffs have been fully apprised of the pleading requirements, should they fail to state a claim in their amended complaint, this Court will recommend no further opportunities to amend and will take this as an admission that no claim can be stated.

7

1. Defendants' motion to dismiss Defendant Stainer is **DENIED**;
2. Defendants' motion to dismiss Defendant Bounville is **DENIED**;
3. Defendants' motion to dismiss Defendant Cate is **GRANTED**;
4. Plaintiffs are granted 14 days leave to amend.

IT IS SO ORDERED.

Dated:   **June 25, 2012**                              **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE