1
2
3
4
5
6
7
8                         **UNITED STATES DISTRICT COURT**
9                        **EASTERN DISTRICT OF CALIFORNIA**
10
11   DUBRIN, et al.,                      )   Case No.: 1:11-cv-01484 AWI JLT (PC)
                                          )
12            Plaintiffs,                 )   FINDINGS AND RECOMMENDATIONS TO
                                          )   DISMISS DEFENDANT CATE
13            vs.                         )
                                          )   (Docs. 19, 23, and 24).
14   BONILLA, et al.,                     )
                                          )
15            Defendants.                 )
                                          )
16   _____ )

17          Plaintiffs are state prisoners who are represented by counsel.  Plaintiffs initiated this civil rights

18   action against Defendants Cate, Stainer, and Bonilla pursuant to 42 U.S.C. § 1983 on September 2,

19   2011.  (Doc. 2).  On June 25, 2012, this Court issued an order granting Defendants' motion to dismiss

20   Plaintiffs' Second Amended Complaint ("SAC"), in part and denying in part.  (Doc. 23).  Specifically,

21   the Court's June 25, 2012 order granted the motion to dismiss as to Defendant Cate and denied the

22   motion as to Defendants Stainer and Bounville.  Plaintiffs were provided an opportunity to amend the

23   complaint as to Defendant Cate.  (Doc. 23).

24          On July 10, 2012 and again on July 11, 2012, Plaintiffs filed a Notice of Non-filing of the

25   Third Amended Complaint.  (Docs. 24 and 26).  Plaintiffs notice stated that they did not possess

26   additional facts upon which to support an amended complaint against Defendant Cate and, therefore,

27   requested the Second Amended Complaint be deemed the operative complaint (with the exception of

28

                                              1

Defendant Cate).   For the reasons set forth below, it is recommended that Defendant Cate be dismissed.[1]

## I.      BACKGROUND

Plaintiffs are state prisoners confined in the Security Housing Unit ("SHU") at the California Correctional Institution ("CCI") in Tehachapi.  (Doc. 19 at 2.)  Plaintiffs allege that they are being deprived of the minimum amount of out of cell exercise.  (Id. at ¶ 2.)  Plaintiffs indicate that in the four months preceding the filing of the FAC, they have received a total of 12 hours of exercise time.  (Id. at ¶ 6.)  Plaintiffs indicate that their remaining time was spent confined in a 6 x 8 foot cell.  (See id. at ¶ 6.)  Plaintiffs aver that the lack of out of cell exercise has had an adverse impact on their physical health and mental well-being.  (Id. at ¶ 17.)

Plaintiffs' SAC names Correctional Sergeant Bounville, CCI Warden Michael Stainer, and Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation ("CDCR") in their individual capacities.  (Id. at 4-5).  As to Defendant Cate, Plaintiffs' SAC alleges Cate has received thousands of inmate appeals from SHU inmates at CCI regarding the lack of exercise but has failed to investigate or verify such claims.  (Doc. 19 at ¶23).  Plaintiffs conclude that Cate's failure to act demonstrates that Cate has established a policy of non-compliance with exercise provisions and that his actions amount to a failure to train Defendant Stainer.  (Id.)

## II.      LEGAL STANDARDS

### A.   Federal Rules Of Civil Procedure Rule 12(B)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. See Fed. R. Civ. P. 12(b)(6); *see also* Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. *See* Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing the motion, the Court will assume the truth of all factual allegations and will construe them in the light most favorable to the nonmoving party. *See* Gompper v. VISX, Inc., 298

---

[1] Because the recommendation only relates to Defendant Cates, these Findings and Recommendations will only discuss the SAC and the Motion to Dismiss, as they relate to Defendant Cate.

F.3d 893, 895 (9th Cir. 2002). However, the court is not bound to accept as true a legal conclusion couched as a factual allegation.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).  However, the conclusions contained in the pleading "are not entitled to the assumption of truth."  (Id.)

B. 42 U.S.C. § 1983

To plead a § 1983 violation, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person who committed the alleged violation acted under color of state law.  West v. Atkins, 487 U.S. 42, 28 (1988); Williams v. Gorton, 529 F.2d 668, 670 (9th Cir. 1976). In addition, a plaintiff must allege he suffered a specific injury, and show causal relationship between the defendant's conduct and the injury suffered by the plaintiff.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made").   As with other complaints, conclusory allegations unsupported by facts are insufficient to state a civil rights claim under § 1983.  Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

**III.   DISCUSSION**

A.   Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)).  To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component.  See Wilson v. Seiter, 501 U.S. 294, 298 (1991).  Defendants' motion is not directed to the objective component.  The sole issue before this Court is whether Plaintiffs have pled facts against Defendants to sufficiently satisfy the subjective component of an Eighth Amendment violation for Cruel and Unusual Punishment.

In order to meet the subjective component, a prisoner must demonstrate that prison officials acted with the state of mind of "deliberate indifference."  Wilson, 501 U.S. at 303; Johnson v. Lewis,

217 F.3d 726, 733 (9th Cir. Ariz. 2000).  A prison official acts with deliberate indifference if he knows of and disregards an excessive risk to the prisoner's health and safety.  Farmer, 511 U.S. at 837.  In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the inmate], and [the prison official] must also draw the inference."  Id.  An individual may be liable for deprivation of constitutional rights, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation at issue.  Tandel v. County of Sacramento, 2012 U.S. Dist. LEXIS 23959, *20 (E.D. Cal. Feb. 22, 2012) (citing Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007)).

### 1.   Defendant Cate

Although a prison official who had time to observe what was happening can "violate a prisoner's Eighth Amendment rights by failing to intervene in the violation imposed by someone else," this analysis does not seem to extend to an official who merely reviews an administrative grievance. Jacobs v. Woodford, 2011 U.S. Dist. LEXIS 44742 (E.D. Cal. Apr. 25, 2011) (citing Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995); Lanier v. City of Fresno, 2010 U.S. Dist. LEXIS 130459 * at 17 (E.D. Cal. Dec. 8, 2010).   "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." A prisoner's right to petition the government is a right of expression and "does not guarantee a response to the petition or the right to compel government officials to act on" the petition. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999).  "Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a 'mere failure to act.'"  Stocker v. Warden, 2009 U.S. Dist. LEXIS 31207, 29-30 (E.D. Cal. Apr. 13, 2009) (quoting  Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). Where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. Perkins v. Cal. Dep't of Corr. & Rehab., 2010 U.S. Dist. LEXIS 104413 (E.D. Cal. Sept. 30, 2010) (citing Shehee, 199 F.3d at 300); *see also* Stocker, 2009 U.S. Dist. LEXIS 31207, 29-30.

However, a plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates.  <u>Starr v. Baca</u> (9th Cir. 2011) 652 F.3d 1202, 1206-1207 <u>cert. denied,</u> (U.S. 2012) 132 S.Ct. 2101 ("A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement—and the liability—of that supervisor. Thus, when a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates.)  In reaching its decision, the <u>Starr</u> court outlined the numerous factual allegations from multiple sources in the complaint which demonstrated what the defendant knew or should have known and what he did or didn't do.  (<u>Id</u>. at 1209).

Here, the SAC alleges only that Defendant Cate failed to investigate the inmate grievances regarding lack of exercise time and based thereon, Plaintiffs contend Cate "established a policy" denying exercise time to Plaintiffs.  In light of the authorities set forth above, the Court finds that these allegations are not sufficient to state a claim against Defendant Cate.  Additionally, given that Plaintiffs acknowledge they cannot currently plead additional facts as to Defendant Cate that would allow Plaintiffs to proceed against him at this time, it is recommended that Defendant Cate be dismissed.

### IV.  FINDINGS AND RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that Defendant Cate be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

1    The parties are advised that failure to file objections within the specified time may waive the

2  right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3

4

5

6  IT IS SO ORDERED.

7    Dated:   **July 12, 2012**                                   **/s/ Jennifer L. Thurston**

8                                                          UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28