UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUBRIN, et al.,<br><br>   Plaintiffs,<br><br>      vs.<br><br>BONILLA, et al.,<br><br>   Defendants. | Case No.: 1:11-cv-01484 AWI JLT (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>(Doc. 35) |

Plaintiffs are state prisoners who are represented by counsel. Plaintiffs initiated this civil rights action against certain Defendants Cate. (Doc. 35) Presently before this Court is Terry Steadman and Kim Holland's ("Defendants") motion to dismiss Plaintiffs' Second Amended Complaint ("SAC"), pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. (Doc. 35)

Defendants were added to the litigation through a Doe amendment. Defendants assert that Plaintiffs' claims against them fail because the Doe allegations make only conclusory allegations which are unsupported by sufficient facts. Plaintiffs' do not dispute this is the case but explain they are able to state sufficient facts and complain that had Defendants met and conferred with counsel, this matter could have been resolved via stipulation.

For the reasons set forth below, Defendants' motion to dismiss is **GRANTED** as to Steadman and Holland.

///

### I. BACKGROUND

Plaintiffs are state prisoners confined in the Security Housing Unit ("SHU") at the California Correctional Institution ("CCI") in Tehachapi. (Doc. 19 at 2.) Plaintiffs allege that they are being deprived of the minimum amount of out of cell exercise. (Id. at ¶ 2.) Plaintiffs indicate that in the four months preceding the filing of the FAC, they have received a total of 12 hours of exercise time. (Id. at ¶ 6.) Plaintiffs indicate that their remaining time was spent confined in a 6 x 8 foot cell. (See id. at ¶ 6.) Plaintiffs aver that the lack of out of cell exercise has had an adverse impact on their physical health and mental well-being. (Id. at ¶ 17.)

As to Defendants named in the Second Amended Complaint, the pleadings have been settled and they have answered. However, on August 1, 2012, Plaintiff filed a "Doe amendment" identifying Doe 1 by his true name of Terry Steadman and Doe 2 by the true name of Kim Holland. (Doc. 29)

Notably, the second amended complaint alleges only that,

> DOE defendants, 1 through 10, inclusive, are believed to be employees, independent contractors or agents of the State of California. Their true identities are unknown. Each of the defendants designated herein as a DOE is legally responsible in some manner for the condition(s) endured by SHU inmates as alleged in this complaint and is a legal cause of injury to plaintiffs. The complaint will be amended to identify such defendants by name when their identities become known.

(Doc. 19 at 5) Defendants, in essence, challenge that the complaint fails to state sufficient facts to state a claim against them.

### II. LEGAL STANDARDS

#### A. Federal Rules Of Civil Procedure Rule 12(B)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. See Fed. R. Civ. P. 12(b)(6); *see also* Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. *See* Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing the motion, the Court will assume the truth of all factual allegations and will construe them in the light most favorable to the nonmoving party. *See* Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002). In analyzing a pleading, the Court sets aside conclusory factual

allegations and accepts all non-conclusory factual allegations as true and then determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009). Thus, conclusions contained in the pleading "are not entitled to the assumption of truth." Id. at 1950.

### B.   42 U.S.C. § 1983

To plead a § 1983 violation, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person who committed the alleged violation acted under color of state law. West v. Atkins, 487 U.S. 42, 28 (1988); Williams v. Gorton, 529 F.2d 668, 670 (9th Cir. 1976). In addition, a plaintiff must allege he suffered a specific injury, and show causal relationship between the defendant's conduct and the injury suffered by the plaintiff. *See* Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made"). As with other complaints, conclusory allegations unsupported by facts are insufficient to state a civil rights claim under § 1983. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

### C.   Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component. *See* Wilson v. Seiter, 501 U.S. 294, 298 (1991). Defendants' motion is not directed to the objective component. The sole issue before this Court is whether Plaintiffs have pled facts against Defendants to sufficiently satisfy the subjective component of an Eighth Amendment violation for Cruel and Unusual Punishment.

In order to meet the subjective component, a prisoner must demonstrate that prison officials acted with the state of mind of "deliberate indifference." Wilson, 501 U.S. at 303; Johnson v. Lewis, 217 F.3d 726, 733 (9th Cir. Ariz. 2000). A prison official acts with deliberate indifference if he knows of and disregards an excessive risk to the prisoner's health and safety. Farmer, 511 U.S. at 837. In

other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the inmate], and [the prison official] must also draw the inference." Id. An individual may be liable for deprivation of constitutional rights, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation at issue. Tandel v. County of Sacramento, 2012 U.S. Dist. LEXIS 23959, *20 (E.D. Cal. Feb. 22, 2012) (citing Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007)).

### III. DISCUSSION

Here, there are no facts alleged that support that Steadman or Holland violated Plaintiffs' constitutional rights. Though Plaintiffs assert that Defendants acted in "some" improper manner which caused some unspecified harm, these vague and conclusory assertions unsupported by factual allegations are insufficient to state a claim. Thus, the Court **GRANTS** Defendants' motion to dismiss.[1]

### IV. Leave to Amend

Dismissal of a claim under this rule is appropriate only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1061 (9th Cir. 2004) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Here, Plaintiffs assert that they can state facts to support a claim against these Defendants. Thus, the Court will grant leave to amend. In doing so, the Court is mindful that it warned Plaintiffs that they would not be given another chance to amend their complaint. However, because this motion to dismiss addressed portions of the complaint not before challenged, the Court does not prohibit this amendment. However, Plaintiffs are advised that the Doe allegations in their Third Amended Complaint must be cured as to all Does at this time.

///

---

[1] In future, Defendants' counsel are encouraged to meet and confer with Plaintiffs' counsel to attempt to reach agreement on issues. This Court's limited judicial resources require that all efforts be made to avoid squandering these resources on issues that can be resolved without judicial intervention.

**IV.  CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (Doc. 35) is **GRANTED**;
2. Plaintiffs are granted 14 days leave to amend.

IT IS SO ORDERED.

Dated:   **October 23, 2012**                                    **/s/ Jennifer L. Thurston**
                                                                                            UNITED STATES MAGISTRATE JUDGE

5