KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Supervising Deputy Attorney General
KELLI M. HAMMOND, State Bar No. 217485
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 322-4638
 Fax: (916) 324-5205
 E-mail: Kelli.Hammond@doj.ca.gov
*Attorneys for Defendants*
*Holland, Steadman, Bounville and Stainer*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **DUBRIN, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**Michael Stainer, et al.,**<br><br>Defendants. | 1:11-cv-01484 AWI JLT (PC)<br><br>**ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER**<br><br>(Doc. 41). |

**IT IS STIPULATED BY THE PARTIES, BY AND THROUGH THEIR RESPECTIVE COUNSEL, AND ORDERED BY THE COURT AS FOLLOWS:**

**A.    CONFIDENTIAL MATERIAL SUBJECT TO THIS PROTECTIVE ORDER**

Plaintiffs seek the production of documents, files, memoranda, letters, electronic mail, written reports, personnel information, and other records pertaining to the denial of privileges to inmates housed in the Security Housing Unit (SHU) at the California Correctional Institution (CCI), as well as documents, files, memoranda, letters, written reports, personnel information, and other records contained in the confidential portions of inmates' central files ("Document" or "Documents").

1  These Documents may contain information that has been deemed confidential by the California Department of Corrections and Rehabilitation ("CDCR"). Release of any such Documents may jeopardize the safety and security of the institution, as well as inmates and correctional personnel. Therefore, Defendants shall be entitled to designate in good faith which of the Documents in its production are confidential. The criteria for such a designation shall be whether the Document is of an inflammatory, sensitive, privileged, or confidential nature, such that the release of this information is deemed inappropriate.

With respect to any such Documents, the parties stipulate to the following procedure : (1) Before CDCR releases these Documents to Plaintiffs' counsel, the parties will meet and confer to determine whether they can agree that the records are admissible evidence, or are likely to lead to the discovery of admissible evidence, and will be produced subject to the conditions set forth below; (2) if the parties do not agree, then the documents in question will be presented to the Court for *in camera* review; and (3) documents ordered to be produced after *in camera* review will be subject to the conditions of this protective order as set forth below.

**B.   CONDITIONS FOR RELEASE OF CONFIDENTIAL DOCUMENTS**

1. Defendants shall indicate which Documents in its production it claims are confidential by producing such Documents on pink or lilac-colored paper, by stamping them as "confidential" on their face, or by other mutually agreeable means. If Defendants do not indicate that a particular Document is confidential at the time it is produced, it will be presumed not confidential, without prejudice to Defendants' right to assert confidentiality at a later time.

2. Confidential Documents and the information contained therein may be disclosed only to the following persons:

    a.   Counsel of record;

    b.   Paralegal, stenographic, clerical, and secretarial personnel employed by counsel of record;

    c.   Court personnel, stenographic reporters, and videographers engaged in such proceedings that are incidental to preparation for the trial in this action;

///

   d. Any outside expert or consultant retained by the parties for purposes of this litigation;

   e. Witnesses to whom the Documents and the information contained in the Documents may be disclosed during, or in preparation for, a deposition taken in this matter, or otherwise during the preparation for trial and during trial, provided that the witness may not leave any deposition with copies of any of the confidential Documents, and shall be informed or and shall agree to be bound by the terms of this order.

  3. Plaintiff's counsel is prohibited from disclosing any confidential Documents or information to Plaintiffs, any inmate presently or previously in the custody of the CDCR, or any other correctional facility, including Federal facilities, or any relative of an inmate presently or previously in the custody of the CDCR.

  4. Plaintiff's counsel, including paralegal, stenographic, clerical, and secretarial personnel employed by Plaintiff's counsel of record shall not make copies of the confidential Documents except as necessary for purposes of this litigation, *Dubrin, et al. v. Stainer, et al.,* USDC, Eastern District of California, 1:11-cv-01484 AWI JLT (PC), including appeals.

  5. Each person to whom disclosure of confidential Documents and the information contained therein is made shall, prior to the time of disclosure, be provided a copy of this order and shall agree in writing that he or she has read this order, understands the provisions and conditions, and agrees to be bound by its provisions, and consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California with respect to any proceeding relating to the enforcement of this order, including, without limitation, any proceeding for contempt.

  6. At the conclusion of this litigation, including appeals, all confidential Documents, including copies, shall be destroyed or returned to the Defendants.

  7. When Plaintiffs' counsel returns or destroys the confidential Documents, counsel shall provide Defendants' counsel with a declaration stating that all confidential Documents have been returned or destroyed.

1    8. All confidential Documents and the information contained therein shall be used solely in connection with this litigation, including appeals, and not for any other purpose, including other litigation.

9. ~~All confidential Documents that are filed with the Court shall be filed under seal, labeled with a cover sheet bearing the case name along with the following statement: "This document is subject to a protective order issued by the Court and shall not be examined or copied except in compliance with that order." Upon failure of the filing party to file confidential Documents under seal, any party may request that the Court place the document under seal.~~

<u>Should a party wish to file a confidential Document, that party SHALL comply with the requirements of Local Rule 141. Upon the failure of the filing party to request the Court file confidential Documents under seal, any party may request that the Court place the document under seal, according to Local Rule 141.</u>

10. Nothing in this protective order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to confidential Documents to which they would have access in the normal course of their official duties.

11. The provisions of this protective order are without prejudice to the right of any party:

   a. To apply to the Court for a further protective order relating to any confidential Documents or material, or relating to discovery in this litigation;

   b. To apply to the Court for an order removing the confidential material designation from any Documents;

   c. To object to a discovery request.

///
///
///

12. This Protective Order shall be binding on the parties as of the date it is signed by the parties. The provisions of this order shall remain in full force and effect until further order of this Court.

**IT IS SO STIPULATED.**

January 23, 2013                                     _/s/ Kelli M. Hammond_
                                                     KELLI M. HAMMOND
                                                     Attorney for Defendants

January 22, 2013                                     _/s/ Mark Ravis_
                                                     MARK RAVIS
                                                     Attorney for Plaintiffs

**ORDER**

IT IS SO ORDERED.

Dated:   **January 25, 2013**                         **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE