UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUBRIN et al., | Case No.: 1:11-cv-01484 AWI JLT |
| Plaintiffs, | ORDER AMENDING SCHEDULING ORDER |
| v. | |
| MICHAEL stainer, et al., | |
| Defendants. | |

On January 13, 2014, the Court held a status conference in this matter. (Doc. 47) By that time, counsel had filed a joint statement which seemed to indicate no discovery had occurred and, seemingly, sought a case schedule to be issued. However, the Court issued a case schedule on August 1, 2012 which set forth the schedule for discovery and dispositive and non-dispositive motions. (Doc. 32)

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." Id. Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992). As such, a

scheduling order is "the heart of case management." <u>Koplove v. Ford Motor Co.</u>, 795 F.2d 15, 18 (3rd Cir. 1986).

A scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." <u>Johnson</u>, 975 F.2d at 610. According to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b). In <u>Johnson</u>, the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

<u>Johnson</u>, at 609. Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 607 (E.D. Cal. 1999); see <u>Marcum v. Zimmer</u>, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." <u>Jackson</u>, 186 F.R.D. at 608, emphasis added.

At the status conference, counsel for Defendants reported that, in fact, significant discovery had occurred. However, given the number of plaintiffs in this case, she reported that there had been delays in obtaining information needed to respond to discovery. Thus, the Court finds good cause to amend the scheduling order.

**ORDER**

Good cause appearing, the Court **ORDERS** the scheduling order to be amended as follows:

1. All non-expert discovery SHALL be completed no later than **May 16, 2014**;
2. Any non-dispositive motion SHALL be filed no later than **May 16, 2014**;

///

///

///

3. Any dispositive motion SHALL be filed no later than **June 6, 2014.**

**No other amendments to the scheduling order are authorized.[1]**

IT IS SO ORDERED.

Dated: **January 14, 2014**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

---

[1] If the matter proceeds beyond the dispositive motion stage, the Court will schedule expert discovery, as needed, and the trial associated dates at that time.

3