# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURBIN, et al., <br><br>                    Plaintiffs, <br><br>     v. <br><br> BONILLA, et al., <br><br>                    Defendants. | Case No.  1:11-cv-01484-AWI-JLT (PC) <br><br> **FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY A COURT ORDER (Docs. 44, 47, 49)** <br><br> **30 DAY DEADLINE** |

On December 5, 2013, the Court issued an order setting the case for a status conference on January 13, 2013 at 9:00 a.m. and requiring the filing of a joint statement. (Doc. 44.) Plaintiff's counsel did not appear at the status conference and provided no information for the joint statement, though she reviewed the one prepared by Defendants. (Doc. 47; Doc. 46 at 1 n. 1.) The next day, an order issued to plaintiffs' counsel to show cause why sanctions should not be imposed for their failure to comply with the Court's Order within 14 days. (Doc. 49.) The 14 day period has expired and counsel has failed to respond.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v.*

1

1   *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v.*
2   *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
3   requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
4   (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
5   address*); Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure
6   to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)
7   (dismissal for failure to lack of prosecution and failure to comply with local rules).

8       In determining whether to dismiss an action for lack of prosecution, failure to obey a court
9   order, or failure to comply with local rules, the Court must consider several factors: (1) the
10  public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;
11  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
12  their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831;
13  *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*,
14  46 F.3d at 53.

15      In the instant case, the Court finds that the public's interest in expeditiously resolving this
16  litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The third
17  factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of
18  injury arises from the occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air*
19  *West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition
20  of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed
21  herein.  Finally, a Court's warning to a party that his failure to obey the court's order will result in
22  dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik v. Bonzelet*, 963 F.2d at
23  1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order to show cause
24  expressly stated that they must "show cause why sanctions should not be imposed based upon
25  their failure to appear at the status conference and to comply with the Court's orders."  Thus,
26  Plaintiff had adequate warning that dismissal may result from his noncompliance with the Court's
27  order.
28  / / /

1    Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on
2 Plaintiffs' counsel's failure prosecute this action and to obey the Court's order of January 14,
3 2014.
4    These findings and recommendations are submitted to the United States District Judge
5 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30)
6 days after being served with these findings and recommendations, Plaintiff may file written
7 objections with the Court. Such a document should be captioned "Objections to Magistrate
8 Judge's Findings and Recommendations." The parties are advised that failure to file objections
9 within the specified time may waive the right to appeal the District Court's order. *Martinez v.*
10 *Ylst*, 951 F.2d 1153 (9th Cir. 1991).

12 IT IS SO ORDERED.

13    Dated:   **February 13, 2014**                    **/s/ Jennifer L. Thurston**
14                                                    UNITED STATES MAGISTRATE JUDGE