# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUBRIN et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MICHAEL STAINER, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-01484 AWI JLT<br><br>ORDER LIFTING STAY<br><br>ORDER SETTING FURTHER SCHEDULING CONFERENCE |

On February 4, 2015, the Court granted counsel's stipulation to stay discovery and granted time to advise the Court whether the parties wanted a settlement conference. (Doc. 61) The parties indicated they were attempting to settle the matter and would notify the Court by the end of February whether they wanted to engage in a court-sponsored settlement conference. (Doc. 60)

When that did not occur, the Court ordered the parties and counsel to show cause why sanctions should not be imposed for their failure to comply with the Court's orders. (Doc. 62) In response, counsel filed a joint report indicating that the failure to file the notification was due to calendaring error. (Doc. 63). Counsel explained they were continuing to be engaged in settlement discussions. Id. at 2. They reported that they did not feel a settlement conference would be helpful at that time. Id. Thus, the Court discharged the order to show cause and ordered, "no later than April 20, 2015, the parties shall submit statements indicating whether they believe, in good faith, settlement is possible and whether they wish the Court to set a settlement conference." (Doc. 64 at 2)

On April 20, 2015, defense counsel reported,

1

> The parties believe that settlement can be reached in this matter, and are still working toward a negotiated settlement. CDCR has advised counsel for Defendants that it will take an additional thirty days for CDCR to reach a decision once the Department receives the additional information they have requested. Right now the parties do not believe that a settlement conference would assist in resolving the matter, but should the parties become unable to reach an agreement, they would like to be able to avail themselves of the Court's assistance in settling this matter.

(Doc. 65 at 3)  On the same date, Plaintiff's attorney filed a report which read,

> There has been discussion of certain mechanics regarding how a settlement may be effected in the most efficient manner. Information regarding restitution for each plaintiff has been provided to plaintiff's counsel. No final settlement number has yet been agreed upon. Based on the negotiations to date, I would expect this case to settle in the reasonably near future.

(Doc. 66 at 1-2)

On May 5, 2015, the Court issued its "Order re Stay" in which it required an additional status report on May 22, 2015 and every 30 days thereafter.  (Doc. 67 at 2)  However, the Court admonished, "**Counsel are advised that the Court does not anticipate allowing the matter to remain stayed beyond June 30, 2015, absent a showing of exceptional good cause. The parties are strongly advised to resolve the matter or recognize the matter may not be resolved within that time period.**"  Id.  Nevertheless, on May 22, 2015, counsel reported,

> On May 11, 2015, counsel for Plaintiffs submitted a new settlement demand, which is being considered by the Defendants. Based on the terms of the latest settlement demand from Plaintiffs, the parties believe that settlement can be reached in this matter, and are continuing to work toward a negotiated settlement.
> It will take additional time for CDCR to review the latest settlement demand from Plaintiffs, and reach a decision as to settlement of this matter. At this point the parties do not believe that a settlement conference would assist in resolving the matter, but should the parties become unable to reach an agreement, they would like to be able to avail themselves of the Court's assistance in settling this matter.

(Doc. 68 at 2-3)  Again, one month later on June 22, 2015, the parties filed **nearly the exact same report** and added no additional detail to demonstrate that the good faith efforts were being made to resolve the case.  Thus, clearly, exceptional good cause has not been shown to extend the stay.  To the contrary, it appears that despite the Court's strong admonition that it would not extend the stay beyond June 30, 2015, the parties have failed to appreciate the Court's sense of urgency toward resolving this litigation either through settlement or through

trial.  The Court is convinced that the stay is no longer in the interests of the parties[1] and is an impediment toward resolution.  Thus, the Court **ORDERS**:

    1.    The discovery stay is **LIFTED**;

    2.    The Court sets a further scheduling conference on **July 23, 2015 at 9:30 a.m.** <u>No later than July 16, 2015</u>, the parties **SHALL** file a joint report proposing dates for completion of expert discovery, the pretrial conference and the trial.

IT IS SO ORDERED.

    Dated:   **June 24, 2015**                      **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE

---

[1] Notably, one plaintiff has died during the pendency of this case and two have gone missing.  (Doc. 66 at 1)