# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUBRIN et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>MICHAEL STAINER, et al.,<br><br>        Defendants. | Case No.: 1:11-cv-01484 AWI JLT<br><br>ORDER CONSTRUING "NOTICE OF POTENTIAL SUBSTITUTION OF RIGHTS" AS A NOTICE OF DEATH; ORDER REQUIRING PLAINTIFFS TO FILE PROOF OF PERSONAL SERVICE ON THE DECEDENT'S HEIRS |

On October 29, 2015, the Court ordered Plaintiffs to "file a notice of death related to the deceased plaintiff.  The notice of death **SHALL** be served on any known heirs and successors of the deceased plaintiff."  (Doc. 82 at 1)  When this did not occur, the Court ordered Plaintiffs to show cause why sanctions should not be imposed for their failure to comply with the Court's orders.  (Doc. 84)  In response, apparently, Plaintiffs filed a copy of correspondence between counsel and Estella Madueno, who is the mother of Juan Zavala who died during the pendency of this action.  (Doc. 85)  However, the Court, once again, noted that this letter did not comply with the Court's order and required Plaintiffs to file a "notice of death" in pleading form and served on Juan Zavala's heirs.  (Doc. 86)

     Now, Plaintiffs have filed a document titled, "Notice of Potential Right of Substitution for Decedent Juan Zavala."  (Doc. 87)  While now formatted as a pleading, the notice seems to be directed *only* to Estella Madueno. Id. at 1.  Notably, however, a notice of death is required to be filed on the

1  record and is required to give formal notice <u>to parties and non-parties</u> of the death of a party.  Fed. R.
2  Civ. P. 25(a)(3).  However, the Court will construe the "notice" filed by Plaintiffs as notice directed
3  also to Defendants of the death of Plaintiff, Juan Zavala.[1]  The Court will serve this order
4  electronically to Defendants to accomplish the spirit of Rule 25.

5        On the other hand, along with the "notice," Plaintiffs filed proof of service to Ms. Maduena by
6  first class mail.  (Doc. 87 at 3)  Notably, however, Rule 25 requires <u>personal service</u> on non-parties.
7  Fed. R. Civ. P. 25(a)(3) ["A motion to substitute, together with a notice of hearing, must be served on
8  the parties as provided in Rule 5 and on nonparties as provided in Rule 4[2]. **A statement noting death**
9  **must be served in the same manner**." Emphasis added.]  Thus, the service by mail is ineffective.

10       Therefore, **no later than November 30, 2015**, Plaintiffs **SHALL** file proof of <u>personal</u> service
11 of the notice of death on all heirs and successors of Juan Zavala.

13 IT IS SO ORDERED.

14     Dated:   **November 16, 2015**              **/s/ Jennifer L. Thurston**
15                                                   UNITED STATES MAGISTRATE JUDGE

---

[1] The "notice of death"—which is often referred to as a "suggestion of death"—should note the date of the decedent's death in order to accomplish its goal.

[2] Fed. R. Civ. P. 4(e) requires service "to the individual **personally**." Emphasis added.

2