# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUBRIN et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL STAINER, et al., <br><br> Defendants. | Case No.: 1:11-cv-01484 DAD JLT <br><br> ORDER GRANTING COUNSEL'S MOTION TO WITHDRAW AS TO PLAINTIFFS BARRIGA AND LOPEZ (Doc. 94) <br><br> ORDER TO PLAINTIFF'S COUNSEL TO REPORT THE NAMES OF THE PLAINTIFFS WITH WHOM HE HAS NO CONTACT <br><br> ORDER GRANTING REQUEST TO WITHDRAW MOTION TO SUBSTITUTE AURORA ZABALA FOR THE DECEASED PLAINTIFF (Doc. 93) <br><br> ORDER RE: SETTLEMENT |

On October 28, 2015, the Court held a settlement conference. The parties were able to formulate terms that will achieve settlement, assuming other factors. Toward that end, Plaintiff's counsel has made efforts to obtain agreement with the settlement proposal with the individual Plaintiffs. (Doc. 99) At this time, 22 have consented to settle but seven cannot be located. Id. at 2. Two others also cannot be located and counsel has sought to withdraw from their representation. (Doc. 94) Counsel are confident about their progress toward settlement and request the Court vacate all further case deadlines and the trial. (Doc. 99 at 2) For the reasons set forth below, the motion to withdraw is **GRANTED**. Likewise, the Court will order Plaintiff's counsel to report the names and last known addresses for the missing individual plaintiffs, will grant the implied request to withdraw the motion to substitute Aurora Zabala for Juan Zabala and will vacate all further case deadlines and

dates.

I. **Motion to withdraw**

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California and the Local Rules of the United States District Court, Eastern District of California. *See* LR 182. Withdrawal is permitted under the Rules of Professional Conduct if a client "renders it unreasonably difficult for the member to carry our employment effectively." Cal. R.P.C. 3-700(C)(1)(d). Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

*Id.*

The decision to grant withdrawal is within the discretion of the Court, and withdrawal "may be granted subject to such appropriate conditions as the Court deems fit." LR 182; *see Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 989141, at *1 (E.D. Cal. Jan. 13, 2009) ("The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court."). Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to the other litigants, (3) harm caused to the administration of justice; and (4) delay to the resolution of the case caused by withdrawal. *Canandaigua Wine Co.*, 2009 WL 989141, at *1-2

Here, Mr. Ravis reports that he and the attorney for the CDCR has attempted to locate plaintiffs Barriga and Lopez for two years but have been unsuccessful. (Doc. 94) Moreover, the Court has issued orders to show cause to both of these plaintiffs and neither have responded nor have they opposed the motion to withdraw. Granting counsel's motion to withdraw will avoid further delays occasioned by these plaintiffs' decisions to absent themselves from this litigation. Thus, the motion is **GRANTED**.

**ORDER**

1. The motion of attorney, Mark Ravis, to withdraw from the representation of Plaintiff's Barriga and Lopez is **GRANTED**. (Doc. 94) The Clerk of the Court is DIRECTED to serve this order to Plaintiffs Barriga and Lopez's at their last known address as follows:

1. Inmate Barriga (E51696)
   California Correctional Institution
   PO Box 1906
   Tehachapi, CA 93561

2. Inmate Lopez (CDCR# H82107)
   California Correctional Institution
   PO Box 1906
   Tehachapi, CA 93561

2. **No later than February 22, 2016**, Plaintiff's counsel **SHALL** file a report indicating the names of those plaintiffs with whom he has had no recent contact and for whom he has no current address. The report **SHALL** include their last known addresses;

3. **No later than March 11, 2016,** Plaintiff's counsel **SHALL** file his motion to withdraw from the representation of the absent plaintiffs in the event he has been unsuccessful in having contact with them and for whom he has located no current addresses. The motion **SHALL** include their last known addresses and **SHALL** be served to their last known addresses;

4. The Court **GRANTS** the implicit request to withdraw the motion to substitute Aurora Zabala for the decedent, Juan Zabala aka Juan Zavala (Doc. 99 at 2). Plaintiff's counsel **SHALL** file his renewed motion to substitute the proper successor in interest **no later than March 11, 2016**;

5. **No later than March 18, 2016**, counsel **SHALL** file a joint report detailing the status of the settlement;

6. All pending dates, conferences and hearings are **VACATED** and any pending motions are ordered **TERMINATED.**

**Failure to comply with this order may result in the imposition of sanctions, including the dismissal of the action.**

IT IS SO ORDERED.

Dated:   **February 16, 2016**           /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE

3