**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DUBRIN et al., | Case No.: 1:11-cv-01484 DAD JLT |
| Plaintiffs, | ORDER GRANTING APPLICATION FOR APPOINTMENT OF GUARIDAN AD LITEM |
| v. | (Doc. 106) |
| MICHAEL STAINER, et al., | |
| Defendants. | |

On March 7, 2016, Jessica Lynne Bergreen filed her application to be appointed the guardian ad litem for the child, Prissilla Anamarie Sanchez. (Doc. 106) Because the Court finds Ms. Bergreen to be an appropriate guardian ad litem, the petition is **GRANTED**.

### I. Appointment of a Guardian Ad Litem

Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b).

Under California law, an individual under the age of eighteen is a minor, and a minor may bring suit only if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian ad litem to represent the child's interests. Cal. Code Civ. P. § 372(a).

## II. Discussion and Analysis

Here, the child is 14 years old. (Doc. 106 at 1) Thus, under California law, she is a minor. *See* Cal. Fam. Code § 6502. As a minor, her ability to pursue this action is contingent upon the appointment of a guardian ad litem. In determining whether to appoint a particular guardian ad litem, the court must consider whether the child and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50.

Here, the arises out of claims of deprivation of constitutional rights suffered by the child's father, who is now deceased. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."); *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669, at *7 (E.D. Cal. May 9, 2007) (observing that "[a] parent is generally appointed guardian ad litem"). The proposed guardian ad litem is not a party to this case and has no claims on it. Thus, it does not appear there are adverse interests between the child and her proposed guardian ad litem.

## III. Conclusion and Order

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986). Here, it does not appear the proposed guardian has conflicting interests, and as such she may be appointed to represent the interests of the child. Therefore, the Court **ORDERS**:

1. The motions for appointment of Jessica Lynne Bergreen as guardian ad litem for Prissilla Anamarie Sanchez (Doc. 106) is **GRANTED**;

///

///

2. Jessica Lynne Bergreen is appointed to act as guardian ad litem for Prissilla Anamarie Sanchez and is authorized to prosecute this action on her behalf.

IT IS SO ORDERED.

Dated: **March 11, 2016**                    **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE