# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUBRIN, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> STAINER, et al., <br><br>  Defendants. | Case No. 1:11-cv-01484-DAD-JLT (PC) <br><br> **FINDINGS AND RECOMMENDATIONS TO DISMISS PLAINTIFFS FLORES AND CORMONA FOR THEIR FAILURE TO PROSECUTE THIS ACTION** <br><br> **(Doc. 119)** <br><br> **14 DAY DEADLINE** |

Plaintiffs' counsel, Mark Ravis, filed a motion to withdraw from representation of Jimmy Flores, Reynaldo Cormona, and Matthew Richards on April 4, 2016. (Doc. 118, at 1-2.) As of that date, Mr. Ravis reported that he has spent six months trying to contact them, but received no response to correspondence sent to each of their last known addresses. (*Id.*, at 2.) Mr. Ravis' motion to withdraw from their representation was granted in an order which also required Mr. Flores, Mr. Cormona, and Mr. Richards to show cause within twenty- one days why they should not be dismissed from this action for their apparent abandonment and failure to prosecute it ("OSC"). (Doc. 119.) While the OSC as to Mr. Richards was discharged because he contacted Mr. Ravis and requested continued representation (*see* Doc. 124), neither Mr. Flores nor Mr. Cormona have responded to the OSC in any way despite lapse of more than the time allowed to do so.

///

1

1      The Court has the inherent power to control its docket and may, in the exercise of that
2  power, impose sanctions where appropriate, including dismissal of the action.  *Bautista v. Los*
3  *Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action
4  for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in
5  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
6  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
7  (5) the availability of less drastic sanctions."  *In re Phenylpropanolamine (PPA) Products*
8  *Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations
9  omitted).  These factors guide a court in deciding what to do and are not conditions that must be
10 met in order for a court to take action.  *Id.* (citation omitted).

11     Plaintiffs Jimmy Flores and Reynaldo Cormona are no longer prosecuting this action
12 despite being notified of the requirement to respond.   The Court cannot afford to expend
13 resources, nor will it delay a case over five years old that Plaintiffs Jimmy Flores and Reynaldo
14 Cormona have abandoned.  Based on Plaintiff's failure to comply with or otherwise respond to
15 the April 5, 2016 OSC, there is no alternative but to dismiss them from the action for their failure
16 to prosecute.  *Id.*  This action can proceed no further without the cooperation of and compliance
17 with court orders by Plaintiffs Jimmy Flores and Reynaldo Cormona.  This action has lingered
18 long enough and cannot remain unprosecuted and idle on the Court's docket.  *Id.*

19     Accordingly, the Court RECOMMENDS that Plaintiffs Jimmy Flores and Reynaldo
20 Cormona be dismissed from this action with prejudice for their failure to prosecute.  *In re PPA*,
21 460 F.3d at 1226; Local Rule 110.

22     These Findings and Recommendations will be submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within 14**
24 **days** after being served with these Findings and Recommendations, the parties may file written
25 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
26 Findings and Recommendations."
27 ///
28 ///

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 28, 2016**                               **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE