UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUBRIN, et al., | No. 1:11-cv-01484-DAD-JLT (PC) |
| Plaintiffs, | ORDER DISMISSING PLAINTIFFS FLORES, CORMONA, BARRIGA, AND LOPEZ FOR FAILURE TO PROSECUTE AND ADOPTING FINDINGS AND RECOMMENDATIONS |
| v. | |
| STAINER, et al., | |
| Defendants. | (Doc. Nos. 94, 95, 100, 119, and 127) |

This is a civil rights action under 42 U.S.C. § 1983, involving numerous plaintiffs and multiple defendants, which was filed on September 2, 2011. (Doc. No. 3.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 20, 2016, plaintiffs' counsel filed a motion to withdraw as counsel of record for plaintiffs Barriga (# E51696), and Lopez (# H82107).[1] (Doc. No. 94.) Therein, plaintiffs' counsel asserted that the last known address for these two plaintiffs was at the California Correctional Institution in Tehachapi, but both have been discharged and/or paroled. (*Id.* at 2–3.) As of the filing of the motion to withdraw, plaintiffs' counsel had attempted for two years to communicate with plaintiffs Barriga and Lopez, but had not received any form of response. (*Id.*

---

[1] Plaintiffs Barriga and Lopez have only been identified in this action by their surnames and inmate numbers. Thus, despite their discharge/parole from custody, for clarity, that nomenclature is continued here.

1

at 3.) On January 25, 2016, the court issued an order to show cause within fourteen days why plaintiffs Barriga and Lopez should not be dismissed from this action due to abandonment of the litigation and failure to prosecute.  (Doc. No. 95.)  Barriga and Lopez, however, never responded to that order to show cause.

Then, on April 4, 2016, plaintiffs' counsel filed a motion to dismiss plaintiffs Jimmy Flores, Reynaldo Cormona, and Matthew Richards from this action, all with whom plaintiffs' counsel had also lost contact.  (Doc. No. 118.)  On April 5, 2016, the court issued another order to show cause requiring that within twenty-one days Flores, Cormona, and Richard show cause why they should not be dismissed from this action for failure to prosecute.  (Doc. No. 119.)  On April 8, 2016, plaintiffs' counsel filed a status report indicating that Richards had responded.  (Doc. No. 122.)  Accordingly, the court discharged the order to show cause as to Richards.  (Doc. No. 124.)  Plaintiffs Flores and Cormona, however, never responded to the order to show cause.

On April 29, 2016, the assigned magistrate judge issued findings and recommendations recommending that Flores and Cormona be dismissed as plaintiffs due to their failure to prosecute this action.  (Doc. No. 127.)  Those findings and recommendations were served on the parties and contained notice that objections were to be filed within fourteen days.  (*Id*.)  Despite lapse of more than the allowed time, no objections have been filed.  Local Rule 304(b), (d).  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

As stated in the findings and recommendation recommending that plaintiffs Flores and Cormona be dismissed, the court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal.  *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action for failure to comply with a pretrial order, the court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *In re Phenylpropanolamine (PPA) Products*

*Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quotations and citations omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *Id.*

Plaintiffs Barriga and Lopez, like plaintiffs Flores and Cormona, are no longer prosecuting this action despite being notified of the requirement that they respond to the court's order to show cause. The court cannot afford to expend further resources and delay the resolution of a case that is now over five years old. It appears clear that plaintiffs Barriga and Lopez, as well as Flores and Cormona, have abandoned this litigation. Based on their failure to comply with or otherwise respond to the orders of this court, there is no viable alternative but to dismiss them from the action due to their failure to prosecute their claims. *Id.* This action can proceed no further without the cooperation of and compliance with court orders by plaintiffs Barriga, Lopez, Flores, and Cormona. This action has lingered long enough and cannot remain unprosecuted by these plaintiffs while remaining idle on the court's docket. *Id.*

For all the reasons set forth above:

1) The findings and recommendations (Doc. No. 127), filed on April 29, 2016, are adopted in full;

2) Plaintiffs Jimmy Flores and Reynaldo Cormona are dismissed from this action with prejudice due to their failure to prosecute their claims; and

3) Separately from the findings and recommendations, the court also dismisses with prejudice plaintiffs Barriga (# E51696) and Lopez (# H82107) due to their failure to prosecute their claims. *In re PPA*, 460 F.3d at 1226; Local Rule 110.

IT IS SO ORDERED.

Dated:   **June 16, 2016**                              _Dale A. Drozd_
                                                        UNITED STATES DISTRICT JUDGE