# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURBIN, et al., | Case No. 1:11-cv-01484-AWI-JLT (PC) |
| Plaintiffs, | **FINDINGS AND RECOMMENDATION TO APPROVE MINOR'S COMPROMISE** |
| v. | |
| BONILLA, et al., | **(Doc. 140)** |
| Defendants. | **OBJECTIONS, IF ANY, DUE IN 30 DAYS** |

In this action, the plaintiffs claim prison officials denied them a sufficient amount of "exercise time." Juan Manuel Sanchez-Zavala was a plaintiff in this matter but he is now deceased. His daughter has substituted in his place and through her guardian ad litem, Jessica Lynn Bergreen, seeks the Court's approval for the settlement (Doc. 140.) Likewise, the defendants agree with the request for the Court to approve the compromise. (Doc. 141 at 2) Because the Court finds the proposed settlement of the child's claims to be fair and reasonable, the Court recommends that the minor's compromise be approved.

**I.   LEGAL STANDARD**

This court has a duty to protect the interests of minors participating in litigation before the court. *Salmeron v. United States,* 724 F.2d 1357, 1363 (9th Cir.1983). To carry out this duty, the court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren,* 638 F.3d 1177, 1181 (9th Cir.2011) (internal quotations omitted). The court's inquiry focuses solely on an evaluation of "whether the net amount

1

distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Ribodoux,* 638 F.3d at 1182. This evaluation must be made "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel." *Id.*

No settlement or compromise of "a claim by or against a minor or incompetent person" is effective unless it is approved by the Court. Local Rule 202(b). The purpose of requiring the Court's approval is to provide an additional level of oversight to ensure that the child's interests are protected. Toward this end, a party seeking approval of the settlement must disclose:

> the age and sex of the minor, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

Local Rule 202(b)(2).

## II.     ANALYSIS

The child was born on March 8, 2001 and lives with her mother in Oxnard, California. (Doc. 123 at 2; Doc. 123-2)   The California Department of Corrections and Rehabilitation has agreed to pay the sum of $2,650 to each Plaintiff which equates to a combined total of $68,900. After attorney fees, the proposed minor's compromise would result in a net amount of $1,987.50[1] to the child.  (Doc. 140 at 2.)

Here, the deprivation at issue did not cause the death of the child's father.  Rather, the award stems from Mr. Zavala's claims that he was not provided sufficient outdoor exercise time. Cases of this type frequently do not succeed[2] and the Court is unaware of the extent of the

---

[1] This amount is arrived at by subtracting twenty-five percent, or $662.50, for attorney's fees from $2,650.  (*See* Doc. 140, p. 2.)  Plaintiffs' counsel waives costs from minor Sanchez.

[2] *See Thomas v. Ponder*, 611 F.3d 1144, 1152 (9th Cir. 2010) [Genuine issue of material fact whether denial of outdoor exercise for 11 months was reasonable.]; *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979) [Affirming the trial court's order for regular exercise for inmates deprived of outdoor exercise for years but not deciding whether denial of outdoor exercise is a per se violation of the Eighth Amendment.]; *LeMaire v. Maass*, 12 F.3d 1444, 1458 (9th Cir. 1993) [Denial of outdoor exercise for extended periods is reasonable where the inmate's conduct justifies it.]

2

physical or mental damages Mr. Zavala suffered, if any, assuming he could prove his case. Moreover, if the case proceeds to trial, the Court finds that the risk of loss—especially in light of the inability of the child to present evidence of the impacts on Mr. Zavala caused by the deprivation alleged—is great.   Thus, the Court finds that the net amount of the proposed settlement to be distributed to the child is fair and reasonable in light of the facts of the case,[3] the specific claims and the recoveries in other cases. *See Doe ex rel. Scott v. Gill,* Nos. C 11-4759 CW, C 11-5009 CW, C 11-5083 CW, 2012 WL 1939612 (N.D. Cal. May 29, 2012) (approving minor's compromise in the net amount of $7,188.85 in a § 1983 case involving the shooting and killing of plaintiff's mother by police officers); *Swayzer v. City of San Jose,* No. C10–03119-HRL, 2011 WL 3471217 (N.D. Cal. Aug.5, 2011) (approving minor's compromise for net amount of $2,054.17 in a § 1983 case involving the alleged wrongful death of plaintiff's father during his arrest).

## **CONCLUSION**

Accordingly, the Court **RECOMMENDS** that the motion to approve compromise of minor's claims (Doc. 140) be **GRANTED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 30 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

///

///

///

The parties are advised that failure to file objections within the specified time may result

---

[3] Again, there is no claim that the Mr. Zavala's death was related to the claims made in this litigation.

3

in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 5, 2016**              **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE