1

2

3

4

5

6

7

8           **UNITED STATES DISTRICT COURT**

9                EASTERN DISTRICT OF CALIFORNIA

10

11   DURBIN, et al.,                          **1:11-cv-01484-AWI-JLT (PC)**

12                Plaintiffs,                  **ORDER TO SHOW CAUSE WHY
                                               SANCTIONS SHOULD NOT BE
13        v.                                   IMPOSED FOR FAILURE TO COMPLY
                                               WITH THE COURT'S ORDER**
14   BONILLA, et al.,
                                               **(Doc. 156)**
15                Defendants.
                                               **10 DAY DEADLINE**
16

17        Plaintiffs are state prisoners who were confined in the Security Housing Unit ("SHU") at

18   the California Correctional Institution ("CCI") in Tehachapi. (Doc. 19 at 2.)  Plaintiffs' counsel

19   filed a motion to withdraw as attorney of record for Plaintiffs Joaquin Coronado and Aaron

20   Prange.  (Doc. 155.)  However, he did not submit the last known address for either Coronado or

21   Prange.  Thus, on January 18, 2017, Plaintiffs' counsel was ordered to submit the last known

22   addresses for them within 10 days.  (Doc. 156.)  The deadline has lapsed without the information

23   being filed.

24        The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or

25   of a party to comply with . . . any order of the Court may be grounds for the imposition by the

26   Court of any and all sanctions . . . within the inherent power of the Court."  Local Rule 110.

27   "District courts have inherent power to control their dockets," and in exercising that power, a

28                                                1

court may impose sanctions, including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Therefore, within **10 days**, the Court **ORDERS** counsel for Plaintiffs' counsel to show cause why sanctions should not be imposed. Alternatively, counsel may provide the information previously ordered within the same time period.

IT IS SO ORDERED.

Dated:   __February 3, 2017__                 _____**/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE

2