UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUBRIN et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MICHAEL STAINER, et al.,<br><br>　　　　　Defendants. | Case No.: 1:11-cv-01484 DAD JLT<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE AND GRANTING REQUEST OF ATTORNEY MARK RAVIS TO WITHDRAW AS COUNSEL OF RECORD FOR JOAQUIN CORONADO AND AARON PRANGE (Docs. 155, 158)**<br><br>**ORDER TO SHOW CAUSE TO PLAINTIFFS CORONADO AND PRANGE WHY THE MATTER SHOULD NOT BE DISMISSED FOR THEIR FAILURE TO PROSECUTE THE ACTION** |

## I.   Background

At a settlement conference in October, 2016, counsel agreed in principle to settle this matter. (Doc. 82.)  However, settlement was contingent upon agreement by all named plaintiffs.  Id. Plaintiffs' counsel had not had contact with several of the named plaintiffs for years.  (Doc. 91, at 2.) As to five of these absent plaintiffs, the Court has granted the request of attorney, Mark Ravis, to withdraw from their representation.  (Docs. 100, 133.)  Now, Mr. Ravis seeks to withdraw from the representation of Joaquin Coronado and Aaron Prange.  (Doc. 159.)  Mr. Ravis reports that he has spent several months trying to contact them but has received no response to correspondence sent to their last known addresses.  Id. at 3.

///

**II.     Legal Standards for Withdrawal of Counsel**

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California and the Local Rules of the United States District Court, Eastern District of California. *See* LR 182.  Withdrawal is permitted under the Rules of Professional Conduct if a client "renders it unreasonably difficult for the member to carry our employment effectively."  Cal. R.P.C. 3-700(C)(1)(d).  Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

*Id.*  Likewise, California's Rules require the moving attorney to serve notice of motion and the declaration and other parties who have appeared in the case.  CRC 3.1362(d).

The decision to grant withdrawal is within the discretion of the Court, and withdrawal "may be granted subject to such appropriate conditions as the Court deems fit."  LR 182; *see Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 989141, at *1 (E.D. Cal. Jan. 13, 2009) ("The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court.").  Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to the other litigants, (3) harm caused to the administration of justice; and (4) delay to the resolution of the case caused by withdrawal.  *Canandaigua Wine Co.*, 2009 WL 989141, at *1-2

**III.    Discussion and Analysis**

Mr. Ravis' declaration demonstrates that the attorney-client relationship has broken down such that he has no option but to withdraw.  (Doc. 155, at 3.)  Mr. Ravis has had no contact with Mr. Coronado or Mr. Prange for some time and he has spent several months trying to locate them.  Id.  These efforts have failed.  Id.  Because these plaintiffs have failed to maintain contact with their lawyer, it appears that they have abandoned this litigation.

**IV.    Conclusion and Order**

Mr. Ravis has set forth sufficient reasons for the withdrawal.  Therefore, the Court is acting

within its discretion to grant the motion to withdraw.[1]  *See* LR 182.  Accordingly, the Court

**ORDERS**:

1. The motion to withdraw (Doc. 155) is **GRANTED**;

2. The order to show cause, which issued on February 6, 2017 (Doc. 158) is **DISCHARGED**;

3. The Clerk's Office **SHALL TERMINATE** Mark Ravis as counsel of record for Plaintiffs Joaquin Coronado and Aaron Prange, and update the docket to reflect these Plaintiffs' self-represented status and their last known addresses as follows:

   a. Juaquin Coronado
   c/o Lucia Martinez Coronado
   245 N. Wicker
   Littlefield, Texas 79339

   b. Aaron Prange
   c/o Natalie M. Amador
   9571 Harle Avenue
   Anaheim, CA 92804

4. **Within 21 days**, Plaintiffs Joaquin Coronado and Aaron Prange **SHALL** show cause in writing why this action should not be dismissed for their apparent abandonment of this action and their failure to prosecute it.

**<u>Plaintiffs Joaquin Coronado and Aaron Prange are advised that their failure to appear in this action and to comply with any order of the Court may result in the action being dismissed.</u>**

IT IS SO ORDERED.

Dated:   **February 14, 2017**              **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] Because Mr. Ravis has sent mail to the last known addresses for Plaintiffs Corona and Prange, further notice of this motion would be useless.