# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUBRIN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STAINER, et al., <br><br> Defendants. | 1:11-cv-01484-DAD-JLT (PC) <br><br> **FINDINGS AND RECOMMENDATION TO HOLD PLAINTIFF, TONY HALL, TO THE SETTLEMENT HE SIGNED** <br><br> (Docs. 144, 152, 161) <br><br> **30-DAY DEADLINE** |

On November 23, 2016, Plaintiff, Tony Hall, notified the Court that he did not wish to participate in the settlement which he previously signed. (Doc. 144.) His attorney clarified that Mr. Hall's displeasure with the settlement was that he did not want his settlement proceeds to apply towards his restitution balance. (Doc. 151.) On December 27, 2016, the Court issued an order noting Mr. Hall's limited options and directing him to notify the court on or before January 13, 2017 whether he chose to participate in the settlement he signed, or if he refused to participate in the settlement and would prosecute his case on his own. (Doc. 152.) That order clearly stated: "**If Mr. Hall fails to respond to the Court by the deadline, the Court will hold him to the settlement agreement that he signed.**" (*Id.* (emphasis in original).) Mr. Hall did not file a response to the Court's order until more than a month past the January 13th deadline, in which he complained of various lapses in communication with Mr. Ravis. (*See* Doc. 161.) Moreover, in doing so, he does not assert that he believes the settlement is not fair compensation for his claims

1    or that he feels he could do better if he prosecuted the action on his own. *Id.*

2          The Local Rules corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or

3    of a party to comply with . . . any order of the Court may be grounds for the imposition by the

4    Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110.

5    "District courts have inherent power to control their dockets," and in exercising that power, a

6    court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of*

7    *Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may even dismiss an action with

8    prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or

9    failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.

10   1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone*

11   *v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a

12   court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to

13   prosecute and to comply with local rules).

14         Plaintiff has been a party to this action from its inception and the terms of the settlement

15   which he signed have already been found reasonable and approved to compromise a minor's

16   claims in this action. (*See* Docs. 140, 143, 145.)  Rather than dismiss Plaintiff's claims from this

17   action, he should be bound to the terms of the settlement which he previously signed.[1]

18         Accordingly, the Court **RECOMMENDS** that Plaintiff, Tony Hall, be held to the

19   settlement which he signed in this action.

20         These Findings and Recommendations will be submitted to the United States District

21   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **30**

22   **days** after being served with these Findings and Recommendations, Plaintiff may file written

23   objections with the Court. The document should be captioned "Objections to Magistrate Judge's

24   Findings and Recommendations."

25   ///

26   ///

27

28   ---
[1] Plaintiff's recourse for any errors he feels Mr. Ravis made in his explanation of the settlement or other legal representation provided is not in this action.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 28, 2017**         **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE